UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VESTAR JAMES CENTER, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>WINGS BOSS LLC, a Washington limited liability company and SA FOOD SERVICE LLC,<br><br>      Defendants. | CASE NO. 3:24-cv-05867-MJP<br><br>ORDER TO SHOW CAUSE |

The Court issues this Order to Show Cause sua sponte after reviewing Plaintiff's Complaint and Corporate Disclosure Statement. (Dkt. Nos. 1, 3.) Based on the Court's review, the Court believes that Plaintiff has not sufficiently alleged subject matter jurisdiction. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (holding that federal courts must inquire sua sponte whenever its jurisdiction is in doubt).

The Court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different States." 28 U.S.C.

ORDER TO SHOW CAUSE - 1

§ 1332(a)(1). For the Court to have jurisdiction under § 1332(a)(1), there must be complete diversity between the parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). And as is relevant here, for purposes of diversity jurisdiction "an LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

In the Complaint, Plaintiff alleges that Defendants breached the terms of a ten-year lease, resulting in at least $75,000.00 of damages. (Complaint (Dkt. No. 1) ¶¶ 6, 11, 20.) Plaintiff asserts jurisdiction is proper under 28 U.S.C. § 1332, "because there is complete diversity as the Plaintiff is not a citizen of the same state as any Defendant and the amount in controversy exceeds $75,000." (Id. ¶ 1.) Specifically, Plaintiff states that it is a "Delaware limited liability company" whose "sole member, Vestar Retail Properties III, LLC, is a Delaware limited liability company" as well. (Dkt. No. 3 ¶¶ 4–5.)

The Court does not find that Plaintiff's allegations suffice to show complete diversity between the Parties. Specifically, Plaintiff has not identified who all of the member/owners of Vestar Retail Properties III, LLC, are and what their citizenship may be. These allegations do not suffice to show complete diversity as to the LLC Plaintiff.

Plaintiff is hereby ORDERED to SHOW CAUSE as to how the Court has subject matter jurisdiction over this action and why it should not dismiss it for lack of diversity jurisdiction. Within 14 days of this Order, Plaintiff shall file a supplemental Fed. R. Civ. P. 7.1(b) diversity disclosure identifying the member/owners of Vestar Retail Properties III, LLC, and what their citizenship may be for the purposes of jurisdiction under 28 U.S.C. § 1332. If subsequently identified member/owners are also LLCs, Plaintiff must identify their citizenship as well.

1  The clerk is ordered to provide copies of this order to all counsel.

2  Dated January 15, 2025.

*[signature]*

Marsha J. Pechman
United States Senior District Judge