UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VESTAR JAMES CENTER, LLC, | CASE NO. 3:24-cv-05867-MJP |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO AMEND |
| v. | |
| WINGS BOSS LLC, a Washington limited liability company and SA FOOD SERVICE LLC, | |
| Defendants. | |

## INTRODUCTION

This matter comes before the Court on Defendant Wing Boss LLC's Motion for Leave to File Counterclaim (Dkt. No. 28). Having reviewed the Motion, Plaintiff Vestar James Center LLC's Opposition (Dkt. No. 29), the Reply (Dkt. No. 30), and all other supporting materials, the Court DENIES the Motion.

**BACKGROUND**

This dispute involves a breach of contract claim brought by Plaintiff, who claims that Defendant broke a ten year lease on a retail restaurant space located in Tacoma, WA. (See generally Complaint (Dkt. No. 1).) Plaintiff filed its Complaint on October 10, 2024, alongside a copy of the lease agreement between the parties. (Id., Ex. 1.)

Just over two months after Plaintiff had filed its Complaint, the Court ordered Plaintiff, an LLC, to show cause "as to how the Court has subject matter jurisdiction over this action and why it should not dismiss it for lack of diversity jurisdiction," by filing a supplemental disclosure "identifying the member/owners of [the LLC Plaintiff], and what their citizenship may be for the purposes of jurisdiction. . . ." (Dkt. No. 18.) Plaintiff timely filed the supplemental disclosure identifying two LLCs as member/owners of Plaintiff LLC but failing to identify their respective members/owners and citizenship. (Dkt. No. 19.) The Court again ordered Plaintiff to show cause, specifying that citizenship of any subsequent LLC members/owners must be identified to establish diversity jurisdiction. (Dkt. No. 22.) Again, Plaintiff provided a supplemental diversity disclosure, (Dkt. No. 25), which the Court accepted as sufficient to show complete diversity between the parties, (Dkt. No. 27).

Throughout the proceedings, Defendant has been represented by counsel from Akerman LLP. (Declaration of Joshua Mandell (Dkt. No. 28-1) ¶¶ 1–2.) The most recent Akerman attorney, Attorney Mandell, made his appearance in this case on February 7, 2025, after "the departure of another attorney from the Akerman law firm" (Id. ¶ 2.) The Court's docket does not reflect that any counsel of record in this matter have withdrawn from their representation or otherwise been terminated from the case.

Defendant now moves to amend its answer to Plaintiff's Complaint so that it may assert counterclaims. (Dkt. No. 28.)

## ANALYSIS

Defendant seeks leave to amend its answer under Federal Rules of Civil Procedure 13(f) and 15(a). (Mot. at 1, 3.) As an initial matter, the Court notes that Rule 13(f) has been abrogated. See Fed. R. Civ. P. 13 advisory committee's note to 2009 amendment ("Rule 13(f) is deleted as largely redundant and potentially misleading. An amendment to add a counterclaim will be governed by Rule 15."). Such claims are now governed by Federal Rule of Civil Procedure 15. See Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment ("Abrogation of Rule 13(f) establishes Rule 15 as the sole rule governing amendment of a pleading to add a counterclaim."). Accordingly, the Court will construe Defendant's motion as seeking amendment solely under Rule 15.

However, because the amended pleading deadline has passed in this case, (see Scheduling Order (Dkt. No. 17) (setting amended pleading deadline for February 24, 2025)), the Court's inquiry must start with whether Defendant has shown good cause to modify the case schedule under Federal Rule of Civil Procedure 16(b). See Johnson v. Mammoth Recs., Inc., 975 F.2d 604, 607-09 (9th Cir. 1992) (holding a motion seeking to amend pleading after the date specified in a scheduling order is "governed by Rule 16(b)"). As discussed below, the Court finds that Defendant fails to show good cause to amend the case schedule.

**A.     No Good Cause Under Rule 16(b)**

"A schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The district court "is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not

1  be disturbed unless they evidence a clear abuse of discretion." Johnson, 975 F.2d at 607
2  (omission in original). Rule 16(b)(4) primarily focuses on the diligence of the party seeking the
3  amendment. See id. at 609. The Court's scheduling order may be modified "if it cannot
4  reasonably be met despite the diligence of the party seeking" the modification. Id. (quoting Fed.
5  R. Civ. P. 16 advisory committee notes (1983 amendment)).

6      Here, the Court finds there to be no good cause because Defendant was dilatory in
7  seeking modification of the case schedule. In assessing diligence, the Court must assess "whether
8  the moving party knew or should have known the facts and theories raised by the amendment in
9  the original pleading." AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 953 (9th
10 Cir. 2006) (quoting Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990)). The
11 proposed counterclaim broadly alleges that Plaintiff's failure to provide Defendant with certain
12 building plans resulted in Defendant being unable to comply with the agreed-upon lease and
13 obtain necessary permits required to open its retail establishment. (See Mot., Ex. 1 at 7–10.) But
14 Defendant should have known the facts and theories which comprise its proposed counterclaim
15 by at least December 9, 2024, when it filed its answer which claimed, among other things, that
16 Defendant was prevented from complying with the lease "based on Plaintiff's prior failure to
17 comply with [the lease's] obligations". (See Dkt. No. 13 ¶ 14.) Accordingly, Defendant was not
18 diligent in making the instant request, which comes nearly five months after the deadline to
19 amend pleadings and seven months after it first knew of the basis of its proposed counterclaim.

20      Defendant's excuses for not seeking earlier amendment are unavailing. Defendant first
21 appears to argue that the replacement of one attorney with another is sufficient justification for
22 failing to diligently move for amendment. (Reply at 2.) This is wrong on multiple levels. First, as
23 a practical matter, Attorney Mandell made his appearance in this matter weeks before the
24

amended pleading deadline, and so was capable of assessing whether his client could feasibly bring counterclaims against the Plaintiff. This is particularly true where the underlying information related to the potential counterclaims stem from the lease agreement, and therefore were available to the Parties and their respective counsel from the outset of the litigation. Second, the record indicates that Defendant is represented by four attorneys, none of whom have withdrawn from their representation in this matter. This calls into question Defendant's current counsel's claims that his appearance "necessary" due to "his predecessor [having] left" Akerman LLP. Third, Rule 16(b)(4)'s focus is on the diligence of the <u>party</u> seeking amendment, not the preparedness of its attorneys. For the purposes of the rule, the actions—or inactions—of retained counsel are imputed upon the parties when assessing diligence. Even if Defendant's current counsel had been the model of diligence—which would contradict the record now before the Court—the months of inactivity prior to counsel's substitution cannot be overlooked when assessing whether Defendant has been diligent in seeking amendment. In sum, Defendant cannot avoid scrutiny for sitting on its hands by virtue of swapping attorneys mid-stream.

Next, Defendant argues that the Court's Orders to Show Cause had "essentially suspended" litigation in this case. Not so. Nothing in those Orders—both of which were issued after the Scheduling Order—allowed the Parties to ignore the deadlines set in this case. Instead, "[g]iven the uncertainty whether Vestar would satisfy the Court's request," Defendant made an active choice to not actively litigate its case, including failing to timely amend its pleadings to include the counterclaims. Defendant must live with that decision; the Court will not save it from itself.

ORDER DENYING MOTION FOR LEAVE TO AMEND - 5

## CONCLUSION

Defendant fails to show good cause under Federal Rule of Civil Procedure 16(b) as required to modify the case schedule and assert counterclaims against Plaintiff. Defendant has not been diligent in bringing the request, as it first knew of the basis for its counterclaims nearly half-a-year before moving to amend the case schedule. Defendant's delinquency is not excusable through any argument brought in support of its motion. It has been represented by counsel throughout the process and was incorrect in assuming that the Court's Order to Show Cause had "essentially suspended" the litigation. Because Defendant was not diligent in seeking modification, the Court's "inquiry should end" and the Motion is DENIED. Johnson, 975 F.2d at 609.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 3, 2025.

Marsha J. Pechman
United States Senior District Judge